[Civ. No. 1530. Second Appellate District.—March 23, 1915.]

## R. D. LIST, Respondent, v. LA VERNE IRRIGATING COMPANY (a Corporation), Appellant.

Action to Quiet Title—Right of Way—Pipe-Line—Findings—When Conclusive.—In this action to quiet title to certain land over which defendant claims a right of way for a pipe-line, based upon the fact that it expended large amounts of money under an oral license given by the owners of the land, it is held that the finding of the trial court, made upon conflicting evidence, that no license was given and no expenditures were made in reliance thereon is conclusive on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

E. W. Freeman, for Appellant.

Lloyd, Hunt, Cheney & Geibel, and Lloyd, Cheney & Geibel, ₁or Respondent.

CONREY, P. J.—Action to quiet title. The appeal is from a judgment in favor of the plaintiff and from an order denying defendant's motion for a new trial.

The defendant admits that plaintiff is the owner and entitled to possession of the real property described in the complaint, save and except as to a certain strip of land twenty feet in width extending across plaintiff's land. The defendant claims that it is, and ever since the month of May, 1906, has been, the owner of said strip of land for the purpose of maintaining thereon a pipe-line connected with its system of irrigation. This claim of the defendant is based upon the

alleged fact that, with full knowledge and consent of the plaintiff and his then co-owner of said land, the defendant entered thereon under a license given by the owners for that purpose and expended large sums of money or the equivalent thereof in labor in execution of its rights under said license.

No written permission, license, or easement is claimed to have been given. Two witnesses for the defendant testified that in May, 1906, they had conversations with Mr. List and his co-owner, Mr. Gafford, in regard to obtaining a right of way across the land for this pipe-line; that permission was given therefor; that after obtaining such permission they proceeded to expend upon the construction of the pipe-line across plaintiff's land the sum of about three hundred dollars and several thousand dollars more upon other and connected portions of the system. The witness Gafford in his deposition denies that he made any such statements as those attributed to him by defendant's witnesses, and the plaintiff in his testimony makes the same denial, and further testifies that he had no knowledge of the existence of this pipe-line across his premises until some time after its construction, when certain leakages therein led to his discovery that the pipe-line was there. The court having found with the plaintiff as to these controverted facts, we must take it as a fact in the case that no license was given and that no expenditures were made in reliance thereon. This being so, the decisions relied upon in the brief of defendant's counsel have no application to this case, and the defendant is left without any foundation for its claim.

No other ground for reversal than that above stated has been argued in appellant's brief.

The judgment and the order denying the motion for a new trial are affirmed.

James, J., and Shaw, J., concurred.